UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-11880 GAO

CAROL BLANCHARD, EXECUTIVE DIRECTOR )
of the TEAMSTERS UNION 25 )
HEALTH SERVICES & INSURANCE PLAN, )
   Plaintiff,  MAGISTRATE JUDGE _____ )
               )
v.               )   CIVIL ACTION NO.
               )
APA TRANSPORT CORP., )
   Defendant,        )
_____ )

RECEIPT # 66941
AMOUNT $ 250
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 9/16/05

## COMPLAINT

### I. Introductory Statement

1. This is an action by the Executive Director of the Teamsters Union 25 Health Services & Insurance Plan (hereinafter, the "Plan") for the collection of interest owed on delinquent contributions previously owed to that employee benefit plan.

### II. Jurisdiction and Venue

2. The jurisdiction of this Court is founded upon Section 502(e)(1) of the Employee Retirement Income Security Act of 1974 (hereinafter, "ERISA"), as amended, 29 U.S.C. §1132(e)(1), which grants the district courts of the United States exclusive jurisdiction of civil actions brought to enforce the terms of an employee benefit plan and/or the provisions of ERISA.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), which provides that an action may be brought in the district where the plan is administered.

### III. Parties

4. Plaintiff Carol Blanchard is the Executive Director of the Plan and a "fiduciary" within the meaning of § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Plan is a "multi-employer plan" as that term is defined by § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), and is an "employee benefit plan" or "plan" as that term is defined in § 3(3) of ERISA, 29 U.S.C. §

1002(3). The Plan has its principal office and is administered from 16 Sever Street, Charlestown, Massachusetts.

4. Defendant, APA Corp., was at all times relevant to this action a corporation conducting business as a transporter of freight in the Commonwealth of Massachusetts. APA had principal places of business at 30 Industrial Drive-B, Canton, Massachusetts and 33 Silva Lane, Dracut, Massachusetts.

### IV.   Allegations Of Fact

7. The Plan is established and exists by virtue of an Agreement and Declaration of Trust whose terms require a participating employer to make contributions in accordance with the terms of the employer's collective bargaining agreement(s) with Teamsters Local 25.

8. Throughout all times relevant herein, Defendant APA Transport Corp. (hereinafter "Defendant") was obligated to make contributions to the Plan in accordance with the terms of an Agreement and Declaration of Trust executed between Defendant and the Plan, said contributions to be made on behalf of each employee of the Defendant performing work within the scope of and/or covered by one or more collective bargaining agreements executed by the Defendant and Teamsters Local Union No. 25 (hereinafter, "Local 25").

9. Pursuant to a collective bargaining agreement executed by Defendant and Local 25, Defendant authorized the Plan Trustees to have an independent certified public accountant audit Defendant's payroll and wage records to determine the accuracy of its contributions to the Plan.

10. An audit by Manzi & Associates for the period of 1993 through 1999 found that the Defendant owed the Plan $30,183.54 in unpaid contributions and $12,007.44 in unpaid interest, for a total of $42,190.98.

11. A second audit by Manzi & Associates for the period of 2000 through 2002 found that the Defendant had overpaid by $9,051.18, leaving the Defendant owing the Plan $21,132.36 in unpaid contributions and $12,007.44 in unpaid interest.

12. The Defendant sent the Plan a check for $21,132.36 to cover the unpaid contributions on August 27, 2002.

13. The Defendant still owes the Plan $12,007.44 in unpaid interest in violation of its collective bargaining agreement with Local 25, the terms of the Plan, and ERISA § 515.

## COUNT I

### (Enforcement of the Plan's Terms)

14. Plaintiff reavers every allegation contained in paragraphs 1 through 13 herein.

15. Defendant APA Transport Corp. has violated the terms of the Plan by failing to pay the interest it owes on its delinquent contributions.

12. Plaintiff is entitled to enforcement of the Plan's terms pursuant to ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3).

### V.    Prayers For Relief

WHEREFORE, the Plaintiff prays that judgment enter for the following, all as provided for by Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2):

(1) Interest on the unpaid contributions;

(2) Reasonable attorney's fees and costs of the action; and

(3) Such other legal and equitable relief as the Court deems appropriate.

Dated: 9/9/05

For the Plaintiff,
CAROL BLANCHARD,
EXECUTIVE DIRECTOR,
TEAMSTERS UNION 25 HEALTH
SERVICES & INSURANCE PLAN,
By her attorney,

_____
Matthew E. Dwyer, BBO# 139840
Dwyer, Duddy & Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108
(617) 723-9777

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CAROL BLANCHARD, EXEC. DIR. of the TEAMSTERS UNION 25 HEALTH SERVICES AND INSURANCE PLAN

(b) County of Residence of First Listed Plaintiff: **Suffolk County**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Matthew E. Dwyer, Esq., Dwyer, Duddy & Facklam, Two Center Plaza, Ste. 430, Boston, MA 02108, 617-723-9777

## DEFENDANTS
APA TRANSPORT CORP.

County of Residence of First Listed Defendant: **Bergen County, NJ**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** |  | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |
|  |  | ☐ 550 Civil Rights |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. 1132(a)(3)
Brief description of cause:
Failure to pay interest on delinquent contributions

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 SEP 15 P 2: 27
U.S. DISTRICT COURT
DISTRICT OF MASS.

1. Title of case (name of first party on each side only) Carol Blanchard, Executive Director of the Teamsters 25 Health Services & Insurance Plan v. APA Transport Corp.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Matthew E. Dwyer, Esq.
ADDRESS   Dwyer, Duddy & Facklam, Two Center Plaza, Suite 430, Boston, MA 02108
TELEPHONE NO.   617-723-9777

(CategoryForm.wpd - 5/2/05)