IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL BLANCHARD, EXECUTIVE DIRECTOR<br>of the TEAMSTERS LOCAL UNION No. 25<br>HEALTH SERVICES & INSURANCE PLAN,<br><br>Plaintiff,<br><br>v.<br><br>APA TRANSPORTATION CORPORATION,<br><br>Defendant. | CASE No. 05-11880 GAO |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT APA TRANSPORTATION CORPORATION

NOW COMES Defendant APA Transportation Corporation (hereinafter referred to as "Defendant"), by and through counsel and pursuant to the Federal Rules of Civil Procedure, and files the within as its Answer to Plaintiff's Complaint with Affirmative Defenses:

### ANSWER

1.  Answering Defendant admits the allegations of first paragraph of the Complaint to the extent it expresses the intention of the Plaintiff, but otherwise denies the allegations contained therein.

2.  Answering Defendant admits the allegations of jurisdiction contained in the second paragraph of the Complaint.

3.  Answering Defendant denies the allegations contained in the third paragraph of the Complaint and specific pleads that venue is improper in this Court.

4. Answering Defendant denies for want of knowledge the allegations in the fourth paragraph of the Complaint.

5. Answering Defendant admits the allegations of the fifth paragraph of the Complaint to the extent that it conducted business in the Commonwealth of Massachusetts, but otherwise denies the allegations contained in paragraph 5 of the Complaint.

6. Answering Defendant admits the allegations of the sixth paragraph of the Complaint to the extent that Plaintiff was a representative of employees of Defendant, but otherwise denies the allegations of the sixth paragraph of the Complaint.

7. Answering Defendant admits the allegations of the seventh paragraph of the Complaint.

8. Answering Defendant denies the allegations of the eighth paragraph of the Complaint.

9. Answering Defendant denies the allegations of the ninth paragraph of the Complaint.

10. Answering Defendant denies the allegations of the tenth paragraph of the Complaint.

11. Answering Defendant admits the allegations of the eleventh paragraph of the Complaint to the extent payment was made, but otherwise denies the representations made regarding the purpose for that payment.

12. Answering Defendant denies the allegations of the twelfth paragraph of the Complaint.

13. Answering Defendant admits or denies the allegations of the thirteenth paragraph of the Complaint as if fully rewritten herein.

14. Answering Defendant denies that allegations contained in the fourteenth paragraph of the Complaint.

15. Answering Defendant denies the allegations contained in the fifteenth paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims against Defendant APA are barred, either in whole or in part, as the Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's damages, if any, were caused in whole or in part, by the culpable conduct of others over whom Defendant APA had no authority, control or dominion or were the results of unforeseeable intervening and/or superceding acts by third parties over whom Defendant APA had no authority, control or dominion and without any negligence, fault or want of care on the part of Defendant APA.

### Third Affirmative Defense

Plaintiff's damages, if any, were caused in whole or in part, by unforeseeable business circumstances, without negligence, fault or want of care on the part of Defendant APA.

### Fourth Affirmative Defense

The relief sought in the Complaint is barred, in whole or in part, by the doctrines of Waiver and Estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of Accord and Satisfaction.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of Unclean Hands.

### Seventh Affirmative Defense

Defendant APA specifically reserves the right amend, supplement or add to these affirmative defenses as such defenses become apparent through discovery.

**WHEREFORE,** Defendant APA demands that judgment be entered in its favor and against Plaintiff, dismissing the Complaint with prejudice, in its entirety, with the award to Defendant APA of its attorneys' fees, costs of suit and other such relief as the Court deems just and equitable.

Respectfully submitted,

APA TRANSPORTATION CORPORATION

By its attorney,

s/John M. Simon
John M. Simon (B.B.O. #645557)
Stoneman, Chandler & Miller LLP
99 High Street
Boston, MA  02110
(617) 542-6789

Dated:  November 9, 2005